*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. NEVEU, Minor.

UNPUBLISHED
July 22, 2026
12:10 PM

No. 376713
Alger Circuit Court
Juvenile Division
LC No. 23-004600-NA

Before: MURRAY, P.J., and REDFORD and RICK, JJ.

RICK, J (*dissenting*).

I respectfully dissent from the majority's decision to affirm the order terminating respondent's parental rights. The trial court erred at the adjudication stage by accepting respondent's no-contest plea without fully complying with the requirements of MCR 3.971. Because of this, the lower court proceedings that followed, including the termination of respondent's parental rights, are invalid. Accordingly, I would vacate the order terminating respondent's parental rights and remand for a new adjudication hearing.

Here, respondent entered a plea of no-contest. "Due process and our court rules require a trial court to advise respondents-parents of the rights that they will waive by their plea and the consequences that may flow from it." *In re Ferranti*, 504 Mich 1, 30; 934 NW2d 610 (2019). A trial court may not accept a plea to the allegations in a petition unless it is satisfied "that the plea is knowingly, understandingly, and voluntarily made." MCR 3.971(D)(1). To that end, the court must advise the respondent of the rights being waived and the consequences of the plea, including that the plea may be used as a basis for future proceedings affecting parental rights. See MCR 3.971(B); *In re Ferranti*, 504 Mich at 20-22. These requirements are critical because a respondent's plea is the mechanism by which the trial court acquires jurisdiction. *In re Ferranti*, 504 Mich at 15. Defects in the plea-taking process therefore implicate the fundamental fairness of the proceeding. *Id*. at 15, 30-31.

In the adjudicative phase of child protective proceedings, the trial court can exercise jurisdiction if a respondent-parent enters a plea of admission or no contest to allegations in the petition, see MCR 3.971, or if the Department proves the allegations at a trial, see MCR 3.972."

*Id*. However, if a court accepts an invalid plea and subsequently terminates the respondent's parental rights, then the plea is rendered "constitutionally defective" and warrants grounds for reversal. Such was the case in *Ferranti*, where the lower court failed to inform the respondents of the rights they were waiving and the consequences of their plea before subsequently terminating their parental rights. *Id*. at 31. The court held that a respondent is not barred from contesting jurisdiction from a defective plea following termination. *Id*. at 29-30. The court reasoned that the "respondents' pleas were not knowingly, understandingly, and voluntarily made." *Id*. at 30.

From my perspective, the trial court failed to comply with MCR 3.971 in three material respects. First, although the record reflects that the court advised respondent of several trial-related rights he would be waiving, it did not advise father that, by entering a plea, he was waiving his right to challenge errors in the adjudication on appeal. See MCR 3.971(B).

Second, the trial court failed to accurately advise respondent of the consequences of his plea. See MCR 3.971(B)(3). During the plea colloquy, the court informed respondent that there would be "nothing that you're admitting that would be used against you in an ultimate termination request," before stating in more general terms that the court would consider the entire record if termination were sought. Read as a whole, these statements did not clearly communicate that respondent's plea could later be used against him in a termination proceeding. To the contrary, the court's initial statement reasonably suggested the opposite.

This misstatement undermined the accuracy of the advisement required by MCR 3.971(B)(3) and deprived respondent of a clear understanding of a critical consequence of his plea. The record further reflects that respondent's misunderstanding was not cured. When respondent indicated that he was entering the plea in part because he believed it would help him move more quickly toward reunification, the trial court did not clarify the consequences of the plea or correct any misimpression. Rather, the court indicated that it was irrelevant why respondent was choosing to waive his trial rights so long as he was willing to do so. Specifically, the court stated:

> Whether that's true or not it's really important that our record now moves forward. And I really don't want this to be a situation where you're conditioning your responses based on some other fact. So, you're either willing to waive your jury trial, you're willing to waive your court trial or you're not. I don't care why you're doing it if you're willing to do it.

The court subsequently accepted the plea without ensuring that respondent understood that the adjudication established by his plea could later be considered as evidence if DHHS sought to terminate his parental rights. On this record, the trial court failed to ensure that respondent's plea was knowingly and understandingly made.

Third, the trial court failed to comply with MCR 3.971(B)(1) because it did not advise respondent of the allegations in the petition before accepting his plea. The court rule expressly requires that, "[b]efore accepting a plea," the trial court must advise the respondent "of the allegations in the petition." MCR 3.971(B)(1). The court did not do so here.

These errors were plain. *Ferranti* makes clear that a trial court must strictly comply with the requirements of MCR 3.971 and ensure that a respondent understands both the rights being waived and the consequences of the plea. *In re Ferranti*, 504 Mich at 20-22. A plea entered after the court has failed to provide the required advisements does not satisfy these requirements. *Id*.; see also MCR 3.971(B).

The errors also affected father's substantial rights. The adjudication in this case was obtained through father's plea. That adjudication supplied the basis for the court's exercise of jurisdiction. As the *Ferranti* Court explained, defects in the plea-taking process that undermine the knowing and voluntary nature of the plea call into question the validity of the adjudication itself. *Id*. at 31. This conclusion is reinforced by the record, which reflects that father elected to enter a no-contest plea in part because he believed it would accelerate his reunification efforts. The trial court's failure to accurately advise father that the plea could later be used against him in a termination proceeding, as well as its failure to inform him of his right to challenge the adjudication on appeal, directly undermined his ability to make an informed decision.

For the foregoing reasons, and with great respect to my colleagues, I would vacate the order terminating respondent's parental rights and remand for further proceedings.

/s/ Michelle M. Rick